# CV-05 3261



ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 08 2005 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------------x

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

           Plaintiff,

   -against-

SPECIAL AND SUPERIOR OFFICERS
BENEVOLENT ASSOCIATION,

           Defendant.

-------------------------------------------------------------x

COMPLAINT

Civil Action
No.

Plaintiff ELAINE L. CHAO, Secretary of Labor, by her attorney ROSLYNN R.
MAUSKOPF, United States Attorney for the Eastern District of New York, by Diane
Leonardo Beckmann, Assistant United States Attorney, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and
Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29
U.S.C. §§ 481-483 (hereinafter referred to as the "Act")).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28
U.S.C. § 1337, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4. Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action pursuant to Section 402(b) of Title IV of the Act of 1959, 29 U.S.C. § 482(b).

5. Defendant Special and Superior Officers Benevolent Association (hereinafter referred to as "Defendant") is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 200B West Main Street, City of Babylon, County of Suffolk, State of New York, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act, 29 U.S.C. §§ 402(i) and 402(j).

7. Defendant, purporting to act pursuant to its Constitution and By-Laws, conducted an election of officers on December 10, 2004. The election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

8. By letter dated December 14, 2004, to the Defendant's Executive Board, John Cardiello, Timothy Cantwell, and Troadio Martinez (hereinafter referred to as the "Complainants"), members in good standing of Defendant, protested Defendant's December 10, 2004 election.

9. By letter dated March 10, 2005, to the Complainants, Defendant denied the protest.

10. Having exhausted the remedies available under Defendant's Constitution and By-Laws and receiving a final decision, the Complainants, within one month thereafter, filed a timely complaint with the Secretary of Labor, received on March 24, 2005, in accordance with the provisions of Section 402(a)(1) of the Act, 29 U.S.C. § 482 (a)(1).

11. By letter dated May 4, 2005, Defendant agreed that the time within which the Secretary may bring suit with respect to Defendant's election be extended to June 24, 2005.

12. By letter dated June 16, 2005, Defendant agreed that the time within which the Secretary may bring suit with respect to Defendant's election be extended to July 8, 2005.

13. Pursuant to Section 601 of the Act, 29 U.S.C. § 521, and in accordance with Section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that a violation of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's December 10, 2004 election and that the violation had not been remedied at the time of the institution of this action.

14. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), by failing to mail an election notice to all members prior to the December 10, 2004 election, a failure directly attributable to Defendant's failure to update and maintain an accurate membership mailing list.

15. The violation of section 401(e) of the Act, 29 U.S.C. § 481(e), found and alleged above may have affected the outcome of Defendant's December 10, 2004 election for the offices of president, executive vice president, and recording secretary/treasurer.

3

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of president, executive vice president, recording secretary/treasurer to be null and void;

(b) directing Defendant to conduct a new election for the offices of president, executive vice president, and recording secretary/treasurer, under the supervision of the plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

HOWARD M. RADZELY
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

PATRICIA RODENHAUSEN
Regional Solicitor

ALEXANDRA TSIROS
Counsel for Legal Advice

SHIREEN M. McQUADE
Attorney

Of Counsel
U.S. Department of Labor

PETER D. KEISLER
Assistant Attorney General

ROSLYNN R. MAUSKOPF
United States Attorney

By: _____
DIANE LEONARDO BECKMANN(3276)
Assistant United States Attorney
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, New York 11722
(631) 715-7854

4